**HUA WANG, Petitioner,**

v.

**Eric H. HOLDER Jr.,[1] United States Attorney General, Respondent.**

No. 08–2002–ag.

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Feng Li, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Terri J. Scadron, Assistant Director, Kristina R. Sracic, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, WALKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Hua Wang, a native and citizen of the People's Republic of China, seeks review of a March 31, 2008 order of the BIA affirming the May 10, 2006 decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hua Wang,* No. A98 255 750 (B.I.A. March 31, 2008), *aff'g* No. A98 255 750 (Immig. Ct. N.Y. City May 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination. As the IJ found, Wang admitted that she lied to immigration officers at her airport and credible fear interviews and told them that she came to the United States because someone tried to force her to marry him in China. Wang's fabrications to immigration officials on two separate occasions revealed a propensity to lie. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007) (holding that an IJ may rely on the principle of *falsus in uno, falsus in omnibus* to discredit evidence lacking independent authentication or corroboration).

Wang's materially different accounts of her claim provided substantial evidence for the IJ's finding that she was not credible. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 180–81 (2d Cir.2004).

Additionally, because the only evidence of a threat to Wang's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for withholding of removal, and CAT relief, because all three claims were based on the same factual predicate.[2] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. Because the IJ's adverse credibility determination is dispositive of all of Wang's claims for relief, it is unnecessary to consider her alternate burden of proof finding.